Case: 2:24−cv−12834
Assigned To : Grey, Jonathan J.C.
Referral Judge: Altman, Kimberly G.
Assign. Date : 10/28/2024
Description: CMP BERRY v US
House of Representative, Office of
(JP)

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION**

**VALERIA BERRY,**

    **Plaintiff,**

v.

**THE OFFICE OF REPRESENTATIVE SHRI THANEDAR,
U.S. HOUSE OF REPRESENTATIVES,**

    **Defendant.**

_____/

Case No. _____

**JURY DEMAND INCLUDED**

## COMPLAINT

Plaintiff VALERIA BERRY ("Plaintiff" or "Ms. Berry") brings this civil action against THE OFFICE OF REPRESENTATIVE SHRI THANEDAR (MI-13), U.S. HOUSE OF REPRESENTATIVES ("Defendant" or "the Office"), to remedy violations of her rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (ADEA).

### THE PARTIES

1. Ms. Berry is the Plaintiff in this action. Ms. Berry is currently 60 years old. She is protected from workplace discrimination and harassment based on her age pursuant to the ADEA.

2. The Office is the Defendant in this action. The Office maintains an office at 1039 Longworth House Office Building, Washington, D.C. 20515; and a district office at 400 Monroe Street, Suite 420, Detroit, MI, 48226.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This action is authorized and instituted pursuant to the Congressional Accountability Act of 1995, 2 U.S.C. § 1301, *et seq.* (CAA).

5. Ms. Berry is a current employee of the U.S. House of Representatives. As such, Ms. Berry is a "covered employee" within the meaning of Section 101(a)(3)(A) of the CAA (2 U.S.C. § 1301(a)(3)(A)).

6. The Office is the personal office of a Member of the U.S. House of Representatives. As such, the Office is an "employing office" within the meaning of Section 101(a)(9)(A) of the CAA, 2 U.S.C. § 1301(a)(9)(A).

7. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action. On August 28, 2024, Ms. Berry filed a claim with the Office of Congressional Workplace Rights (OCWR) pursuant to 2 U.S.C. § 1402(a)(1) alleging discrimination and harassment based on her age in violation of the ADEA. Ms. Berry filed her OCWR claim within the 180-day period that began on the date of each discrete violation of the ADEA alleged in the claim or on the last date of any continuing violation of the ADEA alleged in the claim pursuant to 2 U.S.C. § 1402(d). Ms. Berry has a right to file this action pursuant to 2 U.S.C. § 1401(b)(1) because she did not request an administrative hearing on her OCWR claim. Ms. Berry filed this action within 70 days of the date that Ms. Berry filed her OCWR claim pursuant to 2 U.S.C. § 1401(b)(3).

8. The United States District Court for the Eastern District of Michigan, Detroit Division, is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

9. Ms. Berry presently serves as a part-time Constituent Advocate in the Office's Detroit, Michigan district office. She joined the Office in that capacity on January 3, 2023.

2

10. Shortly after Ms. Berry's hire, Linto Thomas, then the District Director of the Office, and presently the Chief of Staff and District Director, began a pattern of consistently demonstrating a discriminatory animus towards Ms. Berry because of her age.

11. For example, from the start of her employment with the Office, Mr. Thomas has continually attempted to exclude Ms. Berry from trainings which would benefit her job performance greatly. He has done so by scheduling trainings that are critical for Ms. Berry to successfully perform the tasks of a Constituent Advocate for days when Ms. Berry is not scheduled to be in the office. Mr. Thomas then criticizes Ms. Berry for not having the skills that are taught in the trainings.

12. On one occasion, Mr. Thomas scheduled a training course on Indigov, the software program used by Constituent Advocates, for the days that Ms. Berry was not scheduled to be in the office, then criticized her for not properly utilizing the program.

13. Notwithstanding Mr. Thomas' attempts to exclude Ms. Berry from trainings, Ms. Berry has taken the initiative to participate in trainings on days when she is not scheduled to work and for which she has not received compensation.

14. In August 2023, Ms. Berry requested to be assigned to an available full-time Constituent Advocate position for which she was qualified. In response, Mr. Thomas stated that Ms. Berry was incapable of understanding or learning how to do her job properly because she was too old.

15. Ms. Berry disagreed with Mr. Thomas' discriminatory comments. She asserted that she was very capable and not too old to do her job and pointed out that she was satisfactorily performing her job with little or no training at all. Ms. Berry also told Mr. Thomas that he set

3

trainings when he knew that Ms. Berry would not be in the office. In response, Mr. Thomas laughed at Ms. Berry.

16. Mr. Thomas has demonstrated his discriminatory animus towards Ms. Berry in other ways. For example, when Ms. Berry has successfully completed assigned tasks, Mr. Thomas has concocted untrue allegations to criticize her. On one occasion, Mr. Thomas assigned Ms. Berry to purchase office supplies using the Office's credit card. After she completed that task, Mr. Thomas falsely accused Ms. Berry of making unauthorized purchases.

17. On or about February 23, 2024, a full-time Constituent Advocate position became available in the Office when Jack Schroeder left his job. Ms. Berry applied for that position. Despite having the experience necessary to perform all tasks associated with the position, Mr. Thomas refused to interview Ms. Berry.

18. On or about February 29, 2024, a full-time Constituent Advocate position became available in the Office when Deaja Todd left her job. Ms. Berry applied for that position. Despite having the qualifications, skills, and experience necessary to perform all tasks associated with the position, Mr. Thomas refused to interview Ms. Berry.

19. On or about March 4, 2024, the Office hired two women, McKenna Foster and Rhyssa Beal, as full-time Constituent Advocates. Both women were much younger than Ms. Berry and under the age of 40 (they were under 30 years of age). Mr. Thomas told Ms. Berry that he hired Mses. Foster and Beal because they had work-related experience. Yet, Mses. Foster and Beal had not previously worked in Congress.

20. Mr. Thomas refused to hire Ms. Berry for the full-time Constituent Advocate position, claiming she was too old and not competent to perform the duties of that position. The claims

were false. Mr. Thomas relied on Ms. Berry's experience and competence by requiring Ms. Berry to train Mses. Foster and Beal.

21. Ms. Berry has also faced age discrimination in terms of her pay. When she began working for the Office, she earned $18 per hour working 15 hours per week. In June 2024, she received a raise to $25 per hour working 21 hours per week. However, other Office employees outside of Ms. Berry's protected class (they are under the age of 30) who are doing the same or similar work, including Mses. Foster and Beal, and who have less experience than Ms. Berry, are earning approximately $33 per hour working 40 hours per week.

22. Ms. Berry is not the only victim of age discrimination by the Office.

23. Dr. La'Toshia Patman previously served as Senior Citizens Outreach Coordinator for the Office. She is also over the age of 39. Mr. Thomas undermined Dr. Patman's credibility in the eyes of Congressman Thanedar and ultimately forced her to resign from the Office's employ because of Dr. Patman's age.

24. The Office also fired its first Chief of Staff, Mike McQuerry, who is over the age of 39, and replaced him with an individual under the age of 40.

### COUNT I
### Violation of the Age Discrimination in Employment Act of 1967
### (Disparate Treatment Based on Age)

25. Ms. Berry incorporates by reference the allegations set forth in paragraphs 1-24 as if fully restated herein.

26. Ms. Berry is a current employee of the House who is 60 years of age. As such, she is protected under the ADEA. *See* 29 U.S.C. §621 et seq.

27. At all times relevant to this Claim, Ms. Berry satisfactorily performed the functions of her job and met her employer's expectations for the job.

5

28. Ms. Berry has suffered, and continues to suffer, a cognizable adverse employment action in that she suffers some harm with respect to an identifiable term or condition of employment each time that the Office schedules a training that is critical for Ms. Berry to successfully perform the tasks of a Constituent Advocate for days when Ms. Berry is not scheduled to be in the office, and by criticizing Ms. Berry for not having the skills that are taught in the trainings.

29. Ms. Berry has suffered, and continues to suffer, a cognizable adverse employment action in that she suffers some harm with respect to an identifiable term or condition of employment each time the Office concocts untrue allegations to criticize Ms. Berry's performance.

30. Ms. Berry has suffered, and continues to suffer, a cognizable adverse employment action in that she suffers some harm with respect to an identifiable term or condition of employment each time the Office pays Ms. Berry less than employees outside of Ms. Berry's protected class who are doing the same or similar work as Ms. Berry, including Mses. Foster and Beal.

31. Ms. Berry has suffered, and continues to suffer, a cognizable adverse employment action in that she suffered some harm with respect to an identifiable term or condition of employment on or about March 4, 2024, when the Office refused to interview her for two available full-time Constituent Advocate positions.

32. Through the actions described above that have inflicted some harm upon Ms. Berry, the Office discriminated against Ms. Berry because of her age.

33. A plethora of direct evidence exists that Ms. Berry's age is a motivating factor in the adverse employment actions that the Office has taken, and continues to take, against Ms. Berry.

34. One example of evidence of age discrimination is that the Office hired two women under the age of 40 (they were under the age of 30) for the full time Constituent Advocate positions that Ms. Berry requested, even though the two women, unlike Ms. Berry, lacked any experience working in Congress.

35. Additional direct evidence of age discrimination is that the Office, through its District Director and Chief of Staff, has stated that: (i) it will not assign Ms. Berry to a full-time Constituent Advocate position because she is incapable of understanding or learning how to do her job properly because she is too old; and (ii) that Ms. Berry is too old and not competent to perform the duties of the full-time Constituent Advocate position.

36. The Office cannot prove that it would have made the same employment decisions even if it had not taken Ms. Berry's protected characteristic into account.

37. The Office's discrimination against Ms. Berry is especially malicious and/or reckless.

38. As a direct and proximate result of the unlawful actions committed by the Office as described herein, Ms. Berry suffered and will continue to suffer damages and injuries, including, but not limited to, past and future lost wages, lost benefits of employment, other special and/or incidental damages and prejudgment interest, all in an amount to be proven at hearing or trial.

39. As a further direct and proximate result of the unlawful actions committed by the Office as described herein, Ms. Berry suffered and will continue to suffer emotional distress, including, but not limited to, humiliation, mental anguish, and loss of enjoyment of life, all in an amount to be proven at hearing or trial.

**COUNT II**
**Violation of the Age Discrimination in Employment Act of 1967**
**(Hostile Work Environment Based on Age)**

40. Ms. Berry incorporates by reference the allegations set forth in paragraphs 1-39 as if fully restated herein.

41. Ms. Berry is a current employee of the House who is 60 years of age. She is protected under the ADEA. *See* 29 U.S.C. §621 et seq.

42. The Office, through its District Director and Chief of Staff, Mr. Thomas, has subjected Ms. Berry to unwelcome harassment that creates a hostile work environment.

43. Mr. Thomas' unwelcome harassment includes Mr. Thomas continually scheduling trainings that are critical for Ms. Berry to successfully perform the tasks of a Constituent Advocate for days when Ms. Berry is not scheduled to be in the office, later criticizing Ms. Berry for not having the skills that are taught in the trainings, continually concocting untrue allegations to criticize Ms. Berry's performance, telling Ms. Berry that he will not assign her to a full-time Constituent Advocate position because she is incapable of understanding or learning how to do her job properly because she is too old, and telling Ms. Berry that she is too old and not competent to perform the duties of the full-time Constituent Advocate position.

44. The Office has subjected Ms. Berry to harassment because of her age.

45. The harassment to which the Office has subjected Ms. Berry is sufficiently severe or pervasive to affect a term, condition, or privilege of her employment.

46. The Office knows or should have known about the harassment, but nonetheless failed to take steps to prevent it.

47. As a direct and proximate result of the unlawful actions committed by the Office as described herein, Ms. Berry suffered and will continue to suffer damages and injuries, including,

but not limited to, past and future lost wages, lost benefits of employment, other special and/or incidental damages and prejudgment interest, all in an amount to be proven at hearing or trial.

48. As further direct and proximate result of the unlawful actions committed by the Office as described herein, Ms. Berry has suffered and will continue to suffer emotional distress, including, but not limited to, humiliation, mental anguish, and loss of enjoyment of life, all in an amount to be proven at hearing or trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Berry prays for judgment in her favor and against the Office for:

(a) lost wages, including liquidated damages, salary, employment benefits, and other compensation lost by Ms. Berry from the date of each unlawful action committed by the Office as described herein until the time of hearing or trial by reason of the violation by the Office of the ADEA;

(b) lost wages, salary, employment benefits, and other compensation that Ms. Berry will continue to lose from the time of hearing or trial into the future by reason of the Office's violation of the ADEA;

(c) pre- judgment and post-judgment interest, as applicable, on the amounts described in clauses (a)-(b) calculated at the prevailing rate;

(d) attorneys' fees and other litigation expenses and costs, as applicable;

(e) an Order that the Office require all employees responsible for interviewing and hiring to undergo enhanced anti-discrimination training, and

(f) for such other and further relief, in law or equity, as may be deemed appropriate and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

_____
VALERIA BERRY
P.O. Box 14741
Detroit, MI 48214
(601) 287-2343
vberry_4@hotmail.com

PRO-SE PLAINTIFF

10

Respectfully submitted,



VALERIA BERRY
P.O. Box 14741
Detroit, MI 48214
(601) 287-2343
vberry_4@hotmail.com

PRO-SE PLAINTIFF

10