## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VALERIA BERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-12834** |
| | ) | **Hon. Jonathan J.C. Grey** |
| **THE OFFICE OF REPRESENTATIVE** | ) | |
| **SHRI THANEDAR,** | ) | |
| **U.S. HOUSE OF REPRESENTATIVES** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S ANSWER

Defendant, the Office of Representative Shri Thanedar ("Office" or "Defendant"), through undersigned counsel, hereby submits its Answer to the Complaint[1] filed in this civil action Case No. 2:24-cv-12834 by Plaintiff, Valeria Berry ("Plaintiff" or "Ms. Berry"), and states as follows:

---

[1] Plaintiff brought the Complaint under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). However, age discrimination complaints against Congressional offices should be brought under the Congressional Accountability Act of 1995 as amended, 2 U.S.C §1301, *et seq.* ("CAA" or "the Act"). "The Act confers on 'covered employees' rights and remedies drawn from various labor and employment statutes not previously applicable to the legislative branch. 2 U.S.C. § 1302(a); *see id.* §§ 1311–1316, 1331, 1341, 1351." *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 4-5 (D.C. Cir. 2006). For example, the CAA applies the ADEA to the legislative branch in 2 U.S.C. § 1302(a)(4), explains which of its rights and protections apply

1

## AS TO THE PARTIES[2]

1. Defendant admits that Ms. Berry is the Plaintiff in this action and that, upon
   information and belief, Ms. Berry was 60 years old at the time she filed her
   Complaint in Federal Court (hereinafter "at the time of filing").  Answering
   further, Representative Shri Thanedar ("Rep. Thanedar") is older than Ms.
   Berry.  The remaining allegations in paragraph 1 state a legal conclusion to
   which no response is required.  To the extent a response is required, Defendant
   denies the remaining allegations in paragraph 1 and incorporates *supra* note 1
   by reference.

2. The Office admits that it is the Defendant in this action.  The Office admits the
   location of its Washington, D.C. Office ("DC Office"), at the time of filing.
   Answering further, the DC Office location changed as of January 3, 2025, and
   is now 154 Cannon House Office Building, Washington, D.C. 20515.

---

to the legislative branch in 2 U.S.C. § 1311(a)(2), and describes the remedies
allowed in 2 U.S.C. § 1311(b)(2).  2 U.S.C. § 1408 creates a cause of action for
covered employees to sue in federal court for violations of the CAA.  Section
1408(a) vests the district courts of the United States with jurisdiction over any civil
action commenced under section 1401 and section 1408.  Because Plaintiff is *pro
se,* and in order to move forward with this matter in a timely matter, Defendant will
answer as if Plaintiff properly cited to the CAA instead of the ADEA with regards
to alleged violations and remedies.

[2] Defendant's section headings in this Answer mirror those in Plaintiff's Complaint
and are not intended to admit any allegation.  Defendant specifically denies any
factual allegations contained in those headings and titles.

Defendant admits that the Detroit District Office ("Detroit DO") location is correct.

## AS TO JURISDICTION AND VENUE

3.  Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3. Answering further, this court has jurisdiction under 2 U.S.C. § 1408.

4.  Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff is authorized to bring her asserted claims based on the statute cited.

5.  Defendant admits that Plaintiff was a current employee of the U.S. House of Representatives at the time of filing. Defendant admits Plaintiff is a "covered employee" within the meaning of the CAA.

6.  Defendant admits it is the personal office of a Member of the U.S. House of Representatives. Defendant admits it is an "employing office" within the meaning of the CAA.

7.  Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff filed a claim with the Office of Congressional Workplace Rights ("OCWR") on August 28, 2024, that Plaintiff did not request an administrative hearing on her OCWR claim, and

that Plaintiff filed this action within 70 days of the date that Plaintiff filed her

OCWR claim.  Defendant denies the remaining allegations in paragraph 7.

8.  Defendant denies that it engaged in any "events or omissions" in violation of

the CAA.  While Defendant admits that this court has jurisdiction under the

CAA (2 U.S.C. § 1408(a)), Defendant also clarifies that this case is properly

before the United States District Court for the Eastern District of Michigan,

Southern Division (not the Detroit division as Plaintiff states).

## AS TO FACTUAL BACKGROUND

9.  Defendant admits that Plaintiff served as a part-time Constituent Advocate in

the Office's Detroit DO at the time of filing.  Defendant denies that Plaintiff

began employment with the Office on January 3, 2023.  Answering further,

Plaintiff missed two deadlines to submit onboarding paperwork and was unable

to be appointed until January 11, 2023.  Answering further, Plaintiff was

appointed as an at-will, part-time staffer with no promise of future promotion to

a full-time position.

10. Defendant denies that Linto Thomas ("Mr. Thomas") held the title of District

Director when Plaintiff began her employment with Defendant.  Answering

further, in January 2023 when Plaintiff started with Defendant, Mr. Thomas

held the title of Scheduler.  In July 2023, Mr. Thomas became District

Director/Scheduler.  Defendant admits that Mr. Thomas has been Chief of Staff

4

since March 2024.  Answering further, while Mr. Thomas has not held the title

of District Director since March 2024, he has continued to act in that capacity.

Defendant denies all remaining allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.  Answering further, Plaintiff

was always a part-time staffer who was not always scheduled to work when

trainings were offered by groups external to the House or by other House

offices.  Answering further, Plaintiff had access to that training, however,

because Defendant provided Plaintiff the contact information for those external

groups and other House offices that had conducted training for staff in the

District DO so that Plaintiff could arrange for individual training at a time

convenient to her part-time work schedule.

12. Defendant is without sufficient information to admit or deny the allegation

about the "one occasion."  Defendant admits that Indigov is the software

program used by Constituent Advocates and that it is an integral part of her job

as a Constituent Advocate.  Defendant admits that Plaintiff was told she was not

proficiently utilizing Indigov.  Defendant admits that proficient use of Indigov

is necessary for Plaintiff to execute her job responsibilities.  Upon information

and belief, Defendant believes Plaintiff may not have attended either of the

early Indigov trainings in June 2023, but attended an Indigov training on June

27, 2023.  Answering further, since June 2023 and into 2024, Indigov held

multiple trainings for Defendant's staff.  Defendant emailed all staff, including Plaintiff, instructions on how to schedule individual training with Indigov. Defendant denies the remaining allegations in paragraph 12.

13. Defendant is without sufficient information or belief as to admit or deny, and on that basis denies, the allegation that Plaintiff took initiative to participate in trainings on days when she was not scheduled to work.  Defendant denies the remaining allegations in paragraph 13.

14. Defendant admits that in August 2023, Plaintiff asked to be promoted from her part-time position to a full-time position.  Defendant denies there was an available full-time Constituent Advocate position in August 2023.  Defendant denies that Mr. Thomas made the statements alleged in paragraph 14. Defendant denies that Plaintiff has been or was ever qualified to be a full-time Constituent Advocate due to ongoing performance issues that were repeatedly brought to her attention.  Answering further, in August 2023, Rep. Thanedar met with Plaintiff about her request for promotion to a full-time position. During the meeting, he explained to Plaintiff that her job performance was below expectations, and she needed to improve her performance to be considered for future advancement.  Defendant denies the remaining allegations in paragraph 14.

15. Although Defendant is without sufficient information to admit or deny, and on that basis denies, whether Plaintiff "disagreed," Defendant denies that Mr. Thomas made any discriminatory comments.  Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that on one occasion on or around November 21, 2023, Mr. Thomas assigned Plaintiff to purchase food for a town hall using the Office's credit card, but Defendant denies that Mr. Thomas falsely accused her of making unauthorized purchases.  Defendant denies all other allegations in paragraph 16.

17. Defendant admits that on or about February 23, 2024, a full-time Constituent Advocate position was available due to Jack Schroeder's departure.  Defendant admits that Plaintiff applied for the position.  Defendant denies that Plaintiff had the experience necessary to perform all tasks associated with the position, and as such, Defendant did not interview her for the position.  Defendant denies the remaining allegations of paragraph 17.

18. Defendant admits that on or about February 29, 2024, another full-time Constituent Advocate position was available due to Deaja Todd's departure.  Defendant admits that Plaintiff applied for the position.  Defendant denies that Plaintiff had the qualifications, skills, and experience necessary to perform all

tasks associated with the position, and as such, Defendant did not interview her

for the position.  Defendant denies the remaining allegations of paragraph 18.

19. Defendant admits that McKenna Foster ("Ms. Foster") and Rhyssa Beal ("Ms.

Beal") were selected and hired to fill the two vacant full-time Constituent

Advocate positions on or about March 4, 2024.  Defendant admits that both Ms.

Foster and Ms. Beal are women, and upon information and belief, Defendant

admits that it believes they are younger than Plaintiff and under the age of 40.

Defendant denies having a discussion with Plaintiff about other staffers' work-

related experience beyond stating that those with the highest qualifications were

selected.  Defendant admits that Ms. Foster and Ms. Beal had not previously

worked in Congress.  Answering further, the nature of the position does not

require prior Congressional experience.  Defendant denies the remaining

allegations of paragraph 19.

20. Defendant admits that it did not hire Plaintiff for either full-time Constituent

Advocate position.  Defendant denies that Mr. Thomas made any "false" claims.

Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits that Plaintiff was hired at a rate of $18 per hour working 15

hours per week.  Defendant admits that in June 2024, Plaintiff received a raise.

Defendant admits Ms. Foster and Ms. Beal are outside of Plaintiff's protected

class.  Defendant denies the remaining allegations in Paragraph 21.  Answering

further, Defendant admits that due to a payroll error, Plaintiff was initially overpaid.  Moreover, Defendant raised Plaintiff's hourly rate and hours of work per week several times between January 2023 and June 2024 at Plaintiff's request, due to Plaintiff's claims of personal financial hardship and not as a reflection on acceptable job performance (Plaintiff's job performance was below expectations).  Answering further, when Defendant raised Plaintiff's salary in June 2024, Defendant also increased Plaintiff's hours to 24 hours of work per week.  No Constituent Advocate working for Defendant makes or has made $33 per hour.  Answering further, in June 2024, Ms. Foster and Ms. Beal, who were both successfully performing full-time employees, made around $24 per hour for 40 hours of work per week.

22. Defendant denies that Plaintiff was the victim of age discrimination and denies the allegations in paragraph 22.

23. Defendant admits that Dr. La'Toshia Patman ("Dr. Patman") was employed in the Detroit DO as Senior Citizens Outreach Coordinator.  Upon information and belief, Defendant admits that Dr. Patman was over the age of 40 at the time she left the Office.  Defendant denies the remaining allegations in paragraph 23.

24. Defendant admits that it terminated the employment of its first Chief of Staff, Mike McQuerry ("Mr. McQuerry").  Upon information and belief, Defendant admits that Mr. McQuerry was over the age of 40 at the time his employment

ended with Defendant and that he was replaced by an individual under the age of 40.  Answering further, upon information and belief, Defendant states that Mr. McQuerry was over the age of 40 at the time he was hired.

### AS TO COUNT I – "DISPARATE TREATMENT BASED ON AGE"

25. Defendant incorporates by reference its above responses to Plaintiff's allegations, as if fully restated here.

26. Defendant admits that at the time of filing, Plaintiff was a current employee of Defendant who, upon information and belief, was 60 years old.  The rest of paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant incorporates its statement in *supra* note 1.

27. Defendant denies the allegations in paragraph 27.  Answering further, throughout Plaintiff's employment, Defendant raised various performance issues and repeatedly put Plaintiff on notice that Plaintiff failed to meet its performance expectations.

28. Denied.

29. Denied.

30. Denied.

31. As noted in its response to paragraphs 17 and 18 above, Defendant did not interview Plaintiff for the positions.  Defendant denies the legal conclusions and remaining allegations in paragraph 31.

32. Denied.

33. Denied.

34. Defendant admits that in March 2024, the Office hired two full-time Constituent Advocate positions that Plaintiff sought and admits that they were under the age of 40.  Defendant admits that the women hired did not have prior Congressional experience.  However, the Office did not require or advertise that applicants for the Constituent Advocate position needed to have prior Congressional experience.  The job posting stated "The ideal candidate is someone that is highly organized, a self-starter, understands how to prioritize their time, has good communication and people skills, technologically savvy, and able to work effectively in a team environment.  The right candidate will be someone that can take initiative, ask questions, and solve the issue."  One key responsibility identified in the job posting is to "Document constituent cases and concerns in our CRM [Constituent Relationship Management database]."  Both individuals hired for the Constituent Advocate positions had CRM software experience in prior positions.  Answering further, Plaintiff had performance issues using Indigov, the Office's CRM software, and as such, Plaintiff did not meet the

requirements for the full-time Constituent Advocate position.  Defendant denies
that it engaged in age discrimination and denies the remaining allegations of
paragraph 34.

35. Denied.

36. The Office denies that it took any protected characteristic into account in
making employment decisions.  Defendant denies the remaining allegations in
paragraph 36.

37. Denied.

38. Denied.

39. Denied.

## AS TO COUNT II – "HOSTILE WORK ENVIRONMENT BASED ON AGE"

40. Defendant incorporates by reference its above responses to Plaintiff's
allegations, as if fully restated here.

41. Defendant admits that at the time of filing, Plaintiff was a current employee of
Defendant who, upon information and belief, was 60 years old.  The remainder
of paragraph 41 states a legal conclusion to which no response is required.  To
the extent a response is required, Defendant incorporates its statement in *supra*
note 1.

42. Defendant admits that Mr. Thomas is the Chief of Staff and also acts as the
District Director for the Office.  Defendant denies the remaining allegations in
paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## AS TO PRAYER FOR RELIEF

Answering paragraphs (a)-(f) following the "WHEREFORE" (the prayer for
relief), the allegations in this paragraph assert legal conclusions to which no
response is required.  To the extent a response is required, Defendant denies that it
engaged in any action or conduct that violates the CAA.  Answering further,
Defendant denies that Plaintiff is entitled to the specific relief requested in the
Complaint (or any other relief), and Defendant denies that Plaintiff has any valid
claim against Defendant.  Answering further, Defendant denies Plaintiff sustained
any damages on account of any alleged action or alleged omission of Defendant,
and Defendant further denies that Plaintiff is entitled to any of the damages or
other relief sought by Plaintiff in paragraphs (a)-(f) or to any other relief

whatsoever.  Answering further, all damages would be limited to only the damages made available under the CAA.

## AS TO JURY DEMAND

Defendant denies the allegations of Plaintiff's demand for jury trial, except to admit that Plaintiff purports to demand a jury trial.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted, specifically controverted, or specifically denied herein, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

By pleading the following affirmative and other defenses, Defendant does not concede that that each of the matters covered by the numbered defenses is to be proven by Defendant.  Defendant notes that Plaintiff bears the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish her alleged damages.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff cannot establish a prima facie case of disparate treatment based on age.

**THIRD DEFENSE**

Plaintiff cannot establish a prima facie case of hostile work environment based on age.

**FOURTH DEFENSE**

Plaintiff's claims should be dismissed because Defendant's actions were all based on legitimate, non-discriminatory reasons (and not based on Plaintiff's age or any other CAA-protected basis).

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the same decisionmaker presumption.

**SIXTH DEFENSE**

Defendant, its employees, and Rep. Thanedar, acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by them at the time they acted.  Accordingly, Claimant is barred from any recovery in this action.

**SEVENTH DEFENSE**

Upon information and belief, Plaintiff has failed to sufficiently mitigate her

purported damages, either in whole or in part.

**<u>RESERVATION OF RIGHTS</u>**

Defendant reserves the right to present additional affirmative and other

defenses and to supplement or amend its Answer as may be necessary.

Submitted by,

DEFENDANT THE OFFICE OF
REPRESENTATIVE SHRI THANEDAR,
U.S. HOUSE OF REPRESENTATIVES

By:

/s/ Kimberly C. Williams
/s/ Victoria F. Murphy
/s/ Ritika Rajappa
/s/ Ann R. Rogers
Kimberly C. Williams, VSB #41325
Victoria F. Murphy, D.C. Bar #90005228
Ritika Rajappa, D.C. Bar #90014734
Ann R. Rogers, D.C. Bar #441622
U.S. House of Representatives
Office of House Employment Counsel
4300 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-7075
Kim.Williams@mail.house.gov
Victoria.Murphy@mail.house.gov
Ritika.Rajappa@mail.house.gov
Ann.Rogers@mail.house.gov
*Defendant's Counsel*

Dated: May 8, 2025

16

**<u>Certificate of Service</u>**

The undersigned certifies that the foregoing document was served upon unrepresented Plaintiff via the Court's ECF System, to their respective email, or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2025.


<u>/s/ Kimberly C. Williams</u>
Kimberly C. Williams
*Defendant's Counsel*